UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL SECTION)

| | |
|---|---|
| STEPHEN A. BISSELL | : |
| Plaintiff, | : |
| V. | : C.A. No.: 05-CV-40081 FDS |
| SOUTH MIDDLESEX OPPORTUNITY COUNCIL (SMOC) | : |
| Defendant. | : |

### DEFENDANT'S ANSWER

Defendant, South Middlesex Opportunity Council ("SMOC" or "Defendant"), hereby answers the Complaint of Stephen A. Bissell ("Bissell" or "Plaintiff") as follows:

#### Parties

1. SMOC lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Admitted.

3. Admitted.

#### Jurisdiction

4. The allegations in Paragraph 4 state conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant admits that this court has jurisdiction over the types of claims listed but neither admits nor denies that the court has jurisdiction under the facts and circumstances of Plaintiff's specific claims.

## Facts

5.  Admitted that WPIP hired Plaintiff in 1988 and that WPIP became a corporate affiliate of SMOC on or about April 5, 2004. SMOC denies the remaining allegations of this paragraph.

6.  Denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.  Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.  Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands, waiver and/or estoppel.

3.  SMOC employed Bissell as an employee at-will.

4.  To the extent SMOC acted as alleged herein, its conduct was in good faith, justified, privileged and taken for legitimate business reasons.

5.  Plaintiff's claims are barred by the doctrine of contributory negligence.

6.  Plaintiff's own conduct was the proximate cause of any damages he sustained.

7.  SMOC maintained policies against discrimination on the basis of age and disability. Plaintiff unreasonably failed to utilize the complaint procedure in the policy or to otherwise prevent the harm about which he complains in this lawsuit.

8.  Plaintiff's Complaint fails to comply with the short and plain statement requirement of Rule 8 of the Massachusetts Rules of Civil Procedure and should be dismissed.

9.  Plaintiff has failed to plead, and cannot prove, that SMOC engaged in wanton, willful, or reckless conduct sufficient to support and award of punitive damages.

10. Plaintiff has failed to exhaust his administrative remedies.

11. Plaintiff is not a qualified individual with a disability within the meaning of the relevant statutes.

12. Defendant had no legal obligation to make accommodations, or additional accommodations, to Plaintiff.

13. Plaintiff's Complaint is barred in whole or in part, by the applicable statutes of limitations.

WHEREFORE, SMOC respectfully requests that the Court:

1. Dismiss the Complaint against it with prejudice;

2. Enter judgment in his favor against Plaintiff on all counts;

3. Award SMOC its costs and reasonable attorneys fees incurred in defending this action; and

4. Award SMOC such other and further relief as the Court may deem just and appropriate.

SOUTH MIDDLESEX OPPORTUNITY COUNCIL
By its Attorneys,

_____
Gary J. Oberstein (BBO No. 555241)
Stacie Boeniger Collier (BBO No. 645172)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000
(617) 345-1300 (FAX)

Dated: July 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2005, I sent a true copy of the within Defendant's Answer, via regular, first class mail, to:

>Stephen A. Bissell
>54 Crystal Street, Apt. 1
>Worcester, Massachusetts 01603

Stacie Boeniger Collier