UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL SECTION)

| | |
|---|---|
| STEPHEN A. BISSELL : | |
| : | |
| Plaintiff, : | |
| : | |
| V. : | C.A. No.: 05-CV-40081 FDS |
| : | |
| SOUTH MIDDLESEX OPPORTUNITY : | |
| COUNCIL (SMOC) : | |
| : | |
| Defendant. : | |

## JOINT SCHEDULING STATEMENT

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and Mass. L.Civ.R. 16.1, a conference was held on September 20, 2005. The participants were:

Stephen Bissell, Plaintiff.

Stacie Boeniger Collier, Esq., Nixon Peabody, for the defendant.

**Proposed Agenda for Scheduling Conference and Proposed Pretrial Schedule**

I.   **DISCOVERY**

A.   AUTOMATIC DISCOVERY

All discovery exchanges required by Fed.R.Civ.P. 26(A)(1) and Local Rule 26.2(A) shall be completed on or before October 7, 2005.

B.   FACT DISCOVERY

1.   Non-Expert Written and Oral Deposition Discovery.

All requests for the production of documents and tangible things, written

1

interrogatories, and oral fact depositions may be served at any time after the scheduling conference set for October 17, 2005, but shall be completed not later than February 17, 2006. Requests for admissions may be served at any time after the October 17, 2005 scheduling conference by the requesting party but not later than May 17, 2006. No further fact discovery may be had without either the agreement of the applicable party(ies) or by leave of court.

2. <u>Expert Discovery</u>.

a. Initial Disclosures

Plaintiff shall make the initial disclosures of any expert materials required by Fed.R.Civ.P. 26(A)(2) by April 17, 2006. Defendant shall then have 60-days to make the initial disclosures of any expert materials required by Fed.R.Civ.P. 26(A)(2), on or before June 17, 2006. The parties may make rebuttal expert disclosures by July 17, 2006.

b. Discovery Concerning Expert Witnesses.

Discovery concerning expert witnesses, pursuant to Fed.R.Civ.P. 26(b)(4), including interrogatories and depositions, shall be completed by September 1, 2006. No further discovery concerning expert witnesses may be had without either the agreement of the applicable party(ies) or by leave of court.

C. <u>SUBJECTS OF DISCOVERY</u>

1. Defendant anticipates that discovery will be needed on the following subjects:

   a. Documents relating to the plaintiff's employment and termination;

   b. SMOC's claim to have eliminated the plaintiff's positions pursuant to a reorganization;

   c. Whether the plaintiff's job duties continued after his termination;

   d. The plaintiff's efforts to mitigate his damages; and

    e. Plaintiff's alleged financial losses and emotional distress.

2. Plaintiff anticipates that discovery will be needed on the following subjects:

  a. WPIP

    i. Contact information for the following [last known home address and telephone number]:

| | |
|---|---|
| Arthur Brousseau, Jr. | George Orcutt |
| Patrick Smith | Warren Brousseau |
| James DiReda | Brian Chandley |
| James Castell | Isabel Almonte |

  b. SMOC

    i. Contact information for the following [last known home address and telephone number]:

| | |
|---|---|
| Debbie Hilton Creek | Rene Color |
| Carlos Cunningham | |

  c. Other contact and information:

    i. WPIP Contract Manager (name, contact address and telephone number) and contract number(s) (FY 2004- FY 2005) for following:

Department of Public Health (DPH) (including McKinney)
Department of Transitional Assistance (DTA)
Worcester Office of Planning and Development (OPCD)
Housing and Urban Development (HUD) (ESG grants)
United Way
Carnegie Grant
Worcester Community Action Council (WCAC)

  d. Personnel Files and Records

| | |
|---|---|
| Stephen Bissell | Patrick Smith |
| Arthur J. Brousseau, Jr. | James Castell |
| Warren Brousseau | James DiReda |
| George Orcutt | Isabel Almonte |

  e. Records of following events for WPIP employee(s) and any SMOC employee

who worked directly for WPIP [January 2004 – September 2005]:

> New hires, terminations (voluntary and involuntary), transfers (between SMOC and WPIP), promotion and demotions, pay increases and decreases, position changes (including addition of duties and removal of duties), changes in hours worked.

f.  Merger Agreement (unredacted and notarized as true copy) between WPIP and SMOC, as was signed on or about March 30, 2004.

g.  Complete billing(s) submitted, including but not limited to: MER and payroll, Expenditure Accounts Payable (with receipts available) and Voucher Receipts of all funding sources and dates as listed in Paragraph I-C above.

3.  Scope

The parties do not agree that the scope of the discovery referenced above is necessarily appropriate, and reserve the right to object to the form and scope of any discovery requests. Discovery may be required on additional subjects.

## II.  FILING OF MOTIONS

### A.  AMENDMENTS TO PLEADINGS.

Motions to amend pleadings shall be filed and served on or before February 1, 2006. No further amendments of the pleadings may be made without either the agreement of the applicable party(ies) or by leave of court.

### B.  DISPOSITIVE MOTIONS.

All dispositive motions under Fed.R.Civ.P. 12 or 56 shall be filed and served on or before April 1, 2006. When any party files any such motion, any other party may file an opposition to the motion within 21 days of the docketing of the original motion. Without further leave of court, the moving party may file a reply to such opposition within ten days of the docketing of the opposition. No other submissions pertaining to the motion may be filed without leave of court.

III. **PROPOSED PRETRIAL CONFERENCE**

A final pretrial conference pursuant to Fed.R.Civ. P. 16(d) and Local Rule 16.5 will be held at 2:00 p.m. on Monday, September 11, 2006, or such other date as may be selected by the Court.

IV. **CERTIFICATION**

A. Counsel have conferred with their respective parties concerning a budget for the cost of conducting the full course and various alternative courses of the litigation.

B. Counsel have discussed with their respective clients the possibility of pursuing alternative dispute resolution in this matter once discovery is completed. A separate certification signed by each party will be filed at or before the scheduling conference.

C. Counsel have conferred regarding considering consent to trial by magistrate judge. The Parties would consent to trial by magistrate.

| PLAINTIFF | DEFENDANT |
|---|---|
| STEPHEN BISSELL | SOUTH MIDDLESEX OPPORTUNITY COUNCIL |
| | By its Attorneys, |
| *[signature]* | *[signature]* |
| Stephen Bissell, pro se i | Gary J. Oberstein (BBO No. 555241) |
| 9 Sturgis Street | Stacie Boeniger Collier (BBO No. 645172) |
| Worcester, MA 01605 | NIXON PEABODY LLP |
| (508) 792-0417 | One Citizens Plaza, Suite 500 |
| email: stephen_a_bissell@yahoo.com | Providence, RI 02903 |
| | (401) 454-1000 |
| | (401) 454-1030 (Facsimile) |
| | email: sbcollier@nixonpeabody.com |